37 F.3d 1495
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Eric SAMUELS, Plaintiff-Appellant,
v.
P. Douglas TAYLOR, Warden; Willie Weldon, Associate Warden;
Joseph Black, Associate Warden, Defendants-Appellees.
 No. 94-6325.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1994.
Decided Oct. 12, 1994.
 
 Eric Samuels, appellant pro se.
 Aubrey R. Alvey, Barnwell, Whaley, Patterson & Helms, Charleston, S.C.; Larry Cleveland Batson, Robert E. Peterson, South Carolina Department of Corrections, Columbia, S.C., for appellees.
 Before MURNAGHAN, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Eric Samuels appeals from a district court order granting summary judgment in favor of the Defendants in his 42 U.S.C.Sec. 1983 (1988) action. We affirm in part, vacate in part, and remand.
 
 
 2
 Samuels filed a complaint alleging that he was subjected to four-point restraints in violation of his Eighth Amendment rights. The complaint also alleged that the restraints violated a consent decree binding the Defendants. The district court adopted a magistrate judge's report and recommendation that Defendants' motion for summary judgment be granted for failure of the complaint to state a cause of action.
 
 
 3
 Samuels's complaint failed to allege any pain or harm resulting from the four-point restraints. Thus, it failed to state an Eighth Amendment violation. Hudson v. McMillian, 60 U.S.L.W. 4151, 4153-54 (U.S.1992); Whitley v. Albers, 475 U.S. 312, 319 (1986). Thus, we affirm this portion of the district court order.
 
 
 4
 The district court found that the existence of the consent decree could not transform Samuels's complaint into anything other than a failed Eighth Amendment claim. Samuels's complaint, however, did state a cause of action under the Fourteenth Amendment if the consent decree created a liberty interest in freedom from the use of the four-point restraints and the decree's requirements were not met.
 
 
 5
 Samuels complained that the use of the four-point restraints violated the consent decree in Plyler v. Leeke, No. 3:82-0876-2, 1986 WL 84459 (D.S.C. March 26, 1986) (unpublished). That decree, often termed the Nelson Consent Decree (Decree), may create a liberty interest in South Carolina prisoners. Slezak v. Evatt, 21 F.3d 590 (4th Cir.1994).
 
 
 6
 The inquiry is whether the Decree creates substantive limits on officials' actions through mandatory language. Id. at * 4. The Decree provides that the use of four-point restraints "shall not be used except upon the order of a physician." Plyler v. Leeke, 1986 WL 84459 at * 23. Further, the restraints may be used "only as a last resort to prevent harm or physical danger to [the prisoner] or others." Id. Time limits are mandatory under the Decree, as is continuous observation and further reporting. Id. The substantive limits here are severe--almost forbidding the use of the restraints--and the language of the Decree with regard to the restraints is mandatory.
 
 
 7
 Thus, the Decree created a liberty interest in freedom from fourpoint restraints until the mandatory prerequisite findings and doctor's orders were in place. Samuels's claim that the use of the four-point restraints was in violation of the Decree stated a cause of action under the Fourteenth Amendment. We, of course, express no opinion on the ultimate merits of the claim. We also express no opinion on Defendant's qualified immunity defense, which was pled but not developed in the district court. We do, however, vacate that portion of the district court order dismissing this claim through summary judgment, and we remand the case for further proceedings not inconsistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED